IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHARON ANN M., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 2:22-cv-00688-CMR <br><br> MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING THE COMMISSIONER'S FINAL DECISION <br><br> Magistrate Judge Cecilia M. Romero |

The parties in this case have consented to the undersigned conducting all proceedings (ECF 12). 28 U.S.C. § 636(c). Plaintiff Sharon Ann M. (Plaintiff) seeks review of the decision of the Commissioner of Social Security (Commissioner) denying her application for Title II Disability Insurance Benefits (DIB) and Title XVI Supplemental Security Income (SSI), under the Social Security Act, 42 U.S.C. § 401 *et. seq.* (the Act). The court has carefully considered the entire record (Certified Administrative Record (Tr.), ECF 14), the parties' briefs (ECF 15, 23, 24), and the arguments presented at the November 9, 2023 hearing (ECF 29). For the reasons stated below, the court hereby GRANTS Plaintiff's Motion for Review of Agency Action (Motion) (ECF 20) and REVERSES AND REMANDS the decision of the Commissioner.

## I.  BACKGROUND

Plaintiff filed for benefits in June 2020 alleging disability beginning May 22, 2020 due to asthma; chronic anemia; heart problem; blood clots; diabetes; learning disability; back problem; and thyroid disorder. Tr. 270, 274, 307.

1

Following a hearing, the Administrative Law Judge (ALJ) issued a written decision denying Plaintiff's claims for DIB and SSI. Tr. 12–26. The ALJ followed the Commissioner's five-step sequential evaluation process for disability claims. *See* 20 C.F.R. § 404.1520(a)(4). At step two, the ALJ found that Plaintiff suffers from the severe impairments of: deep vein thrombosis; thrombophilia; asthma; type 2 diabetes; intermittent arrhythmia; anemia; blood clots; depressive disorder; speech sound disorder; borderline intellectual disability; and anxiety disorder. Tr. 17-18. The ALJ found at step three that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 18. The ALJ then determined Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations, including "[s]he can never work in situations that involve interpersonal relationships in a job setting beyond giving and receiving work instructions." Tr. 20-21. The ALJ found at step four that Plaintiff is unable to perform any of her past relevant work. Tr. 23. At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as marker, package sorter, and maid. Tr. 25. The ALJ therefore concluded Plaintiff has not been under a disability. Tr. 25. The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision final for purposes of judicial review. 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481.

## II.  STANDARD OF REVIEW

The court reviews the ALJ's decision to determine whether the record as a whole contains substantial evidence in support of the ALJ's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*

*v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

### III. DISCUSSION

Plaintiff asserts a single claim of error, arguing that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to properly assess the opinion of evidence of record. Specifically, Plaintiff argues that (1) the ALJ failed to evaluate the opinion of Elizabeth Albertsen, Psy.D., consultative examiner and (2) the ALJ's mental RFC determination is unsupported by substantial evidence as he failed to properly evaluate the opinion of treating medical source, Zachary Farnworth, D.O. (*see* ECF 17 at 1–8). The court focuses on the first issue.[1]

Social Security Ruling 96–8p is a statement of the Social Security Administration's policies and policy interpretations regarding the assessment of RFC in initial claims for disability benefits. Social Security Ruling (SSR) 96–8p, 1996 WL 374184 (S.S.A. July 2, 1996). RFC is an assessment of the claimant's ability "to do sustained work-related physical and mental activities in a work setting" for eight hours a day, five days a week, or the equivalent thereof. *Id*. at *1. "The RFC assessment considers only functional limitations and restrictions that result from an

---

[1] Because the first issue is dispositive, the court "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.* at *2. A claimant's RFC is the most the individual can do despite his or her limitations or restrictions. *See id.* at *1.

In formulating a claimant's RFC, an ALJ is to account for all medical and vocational limitations resulting from the claimant's impairments. *See Coleman v. Barnhart*, 92 F. App'x 454, 456 (9th Cir. Feb. 23, 2004); 20 C.F.R. § 416.945(a)(2) (providing that an ALJ must "consider all of [a claimant's] medically determinable impairments . . ., including medically determinable impairments that are not 'severe,'" when assessing a claimant's RFC); SSR 96-8p, 1996 WL 374184 (July 2, 1996) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

On January 18, 2017, the SSA adopted new rules for the evaluation of opinion evidence applicable in considering the opinions of Drs. Albertsen and Farnworth. *See* 82 FR 5844-01, 2017 WL 168819. Under the new rules, the ALJ evaluates the persuasiveness of all medical opinions by considering five factors: (1) supportability; (2) consistency; (3) relationship with the claimant (including length, purpose, and extent of treatment relationship, frequency of examinations, and examining relationship); (4) specialization; and (5) other factors that tend to support or contradict an opinion. 20 C.F.R. §§ 404.1520c(a) & (c), 416.920c(a) & (c). Supportability and consistency are the most important factors, and the ALJ should always explain how he considered those factors in the decision. *Id*. §§ 404.1520c(b)(2), 416.920c(b)(2).

Supportability refers to relevant objective medical evidence supporting the explanations presented by a medical source. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative

4

medical finding(s) will be." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency looks to view and compare the evidence from other medical sources and nonmedical sources. "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ is not required to articulate findings on the remaining factors (3 through 5), unless there are two or more medical opinions about the same issue that are equally well-supported and consistent with the record but are not identical. *Id*. §§ 404.1520c(b)(3), 416.920c(b)(3). If the record contains a medical source opinion, the ALJ still must consider and address it in the RFC assessment and if the RFC conflicts with the opinion, the ALJ "must explain why the opinion was not adopted." Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *7.[2]

Defendant first argues that Plaintiff's argument regarding the ALJ's lack of discussion of Dr. Albertesen's medical opinion was waived and thus not properly in front of the court (ECF 23 at 16). Alternatively, Defendant argues that Plaintiff is unable to show harmful error as Dr. Albertesen's opinion does not support an inconsistent RFC finding to the one the ALJ assigned (*id.* at 16–17). Although Plaintiff does not formally address this argument in a separate section in the Motion, it is incorrect to assert that Plaintiff did not preserve the issue. For example, Plaintiff's Motion raises that the ALJ did not mention the probative findings and determinations from consultative examiner Dr. Albertsen (ECF 17 at 10). Plaintiff also raised that Dr. Albertsen concluded that Plaintiff's speech impairment would cause difficulty in clarity of communication in jobs that require verbal communication and would place additional stress on her ability to carry out other process that require cognitive flexibility while also requiring her to focus on clear

---

[2] The claim for disability in the instant matter was filed on June 11, 2020, so the new rules apply to the evaluation of opinion evidence.

pronunciation (*id.*). *See* Tr. 553–54. Further, Plaintiff argued that those findings were consistent with Dr. Farnworth's opinion that Plaintiff had marked to extreme limitations (*id.*). Accordingly, the court finds that this argument was not waived and considers it on its merits.

In pertinent part, Plaintiff asserts that the ALJ in the instant matter erred by failing to evaluate the persuasiveness of the opinion proffered by psychiatric consultative examiner, Dr. Albertsen. The court agrees. The ALJ's decision lacks any discussion of the findings and conclusions offered by Dr. Albertsen. Tr. 19–23. An "ALJ must discuss not only the evidence supporting her decision but also 'the uncontroverted evidence [he] chooses not to rely upon, as well as significantly probative evidence she rejects.'" *Pino v. Kijakazi*, No. CV 20-0933 KBM, 2022 WL 326276, at *4 (D.N.M. Feb. 3, 2022) (citing *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). Further, while an ALJ is entitled to deference in constructing the RFC, the ALJ still must articulate "how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record." *Rachel A. v. Kijakazi*, No. 4:22-CV-00076-PK, 2023 WL 3097356, at *4 (D. Utah Apr. 25, 2023) (quoting 20 C.F.R. § 404.1520c(b)).

This court has held that "[s]upportability and consistency are the most important factors the ALJ must consider—and the ALJ is required to explain how he considered these two factors." *Michael H. v. Kijakazi*, No. 2:21-CV-00518, 2022 WL 4467450, at *3 (D. Utah Sept. 26, 2022). And just like in *Michael H.*, here, the ALJ's failure to substantively discuss Dr. Albertsen's opinion "hinders the [court's] ability to follow the ALJ's reasoning to determine whether substantial evidence supports his persuasive analysis." *Id.* at 5. The Commissioner points the court to Dr. Albertsen's opinion and argues any error, if any, is harmless because the language in the opinion is generalized and does not conflict with the ALJ's RFC assessment (ECF 23 at 16–17). But just like in *Michael H.*, the court finds that it would be equally improper for this court to "speculate

how the ALJ would have articulated his finding as to supportability" had Dr. Albertsen's opinion been properly discussed and contrasted to the other opinions. *Id.* Further, "[t]here is a difference between [an ALJ] considering evidence and articulating how [he] consider[ed] evidence." *Id.* at *3. In this case, the ALJ provided no analysis about the persuasiveness of the opinion of Dr. Albertsen. The ALJ's omission of Dr. Albertsen's opinion does not permit meaningful review and is reversible error. *See Bruner v. Kijakazi*, No. CIV-20-374-STE, 2021 WL 5040301, at *4 (W.D. Okla. Oct. 29, 2021) (remanding based upon the ALJ's legal error in failing to consider supportability); *Lovato v. Saul*, No. 1:20-CV-00187-KRS, 2021 WL 2894733, at *5 (D.N.M. July 9, 2021) (remanding based on the ALJ's failure to satisfy the regulations' "unambiguous articulation requirements" as to the persuasiveness of medical opinions). Thus, the ALJ's legal error in this regard warrants remand.

Given that the ALJ's failure to properly assess the opinion of Dr. Albertsen is dispositive of the matter, this court does not address Plaintiff's contention that the ALJ also erred by failing to properly assess the opinion of Dr. Farnworth. On remand, the ALJ is instructed to assess the persuasiveness of Dr. Albertsen's opinion in accordance with governing regulations. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

## IV. CONCLUSION AND ORDER

As set forth above, the court concludes the ALJ committed legal error in failing to follow the regulations. Therefore, it is HEREBY ORDERED that the Commissioner's decision in this case is reversed and remanded for further proceedings.

IT IS SO ORDERED.

DATED this 26 March 2024.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah